UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Danielle Sivels, | Case No. 23-cv-894 (___/___) |
|     Plaintiff, | |
| v. | |
| Ramsey County, the Ramsey County Sheriff's Office, Inmate Services, Corp., Marquet Johnson in his individual capacity, Randy Cagle, Jr. in his individual capacity, Inmate Services, Corp. John Does 1-5 in their individual capacities, Ramsey County Sheriff supervisors John Does 6-10 in their individual and supervisory capacities, | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED UNDER FED. F. CIV. P. 38(B)** |
|     Defendants. | |

---

For her Complaint, Danielle Sivels states and alleges as follows:

## INTRODUCTION

1. This is an action for money damages arising out of violations of Plaintiff Danielle Sivels' clearly-established Eighth and Fourteenth Amendment rights by Defendants Ramsey County, the Ramsey County Sheriff's Office, Inmate Services Corporation, Randy Cagle Jr., Marquet Johnson, and Defendant John Does 1-5, and John Doe Supervisors 6-10.

## I. PARTIES

2. Danielle Sivels is of the age of majority and a resident of Saint Paul, Minnesota.

3. Defendant Ramsey County is a "public corporation" subject to suit under M.S. § 373.01, subd. 1(a)(1), and located in Minnesota. Defendant Ramsey County is, and was at all times relevant to this lawsuit, a political and corporate entity charged with control and supervision over all personnel of the Ramsey County Sheriff's Office, including personnel of the Ramsey County jail. At all times relevant to this lawsuit, Defendants Ramsey County and the Ramsey County Sheriff's Office, acted under color of law through its employees and agents, who, in turn, acted within the course and scope of their duties.

4. Defendant Inmate Services, Corp. is a corporation formed under Arkansas law with its registered offices located at 220 North 6th Street, Suite A, West Memphis, Arkansas 72301. Defendant Inmate Services Corp. is licensed and operating under the Federal Motor Carrier Safety Administration, as well as the statutes and regulations of the State of Arkansas.

5. Defendant Randy Cagle, Jr. is a resident of Arkansas and the CEO of Defendant Inmate Services Corp. and was himself acting under color of state law at all times relevant to this lawsuit. Cagle is sued in his official and individual capacities.

6. At all times relevant to this lawsuit, Defendant Inmate Services Corp. worked in concert with local, state, and federal jails and correctional facilities fulfilling traditional law-enforcement functions by transporting prisoners and/or detainees between jails and correctional facilities throughout the United States. It was therefore acting under color of state law for purposes of this lawsuit.

7. Because Defendant Inmate Services, Corp. was acting under color of state law, it was responsible for hiring, training, supervising its employees, and generally implementing policies and procedures to prevent the sort of deprivations of constitutional rights that occurred in this case.

8. Defendant Johnson, at all times relevant to this action, was employed as a security guard and driver for Defendant Inmate Services, Corp. As an agent and employee of Defendant Inmate Services, Corp., Defendant Johnson was acting under color of state law, and therefore obligated to conform his behavior to the federal constitution, as well as state and federal law. Defendant Johnson is sued in his individual and official capacities.

9. Defendant John Does 1-5 are unknown employees and/or managers of Defendant Inmate Services, Corp. who acting under color of state law, had a duty to institute policies, hire, train, discipline employees, and generally administer the operation of the company in conformity with the federal constitution, as well as state and federal law. They are sued in their individual and official capacities.

<u>DELIBERATE INDIFFERENCE BY DEFENDANTS RAMSEY COUNTY, THE RAMSEY COUNTY SHERIFF'S OFFICE AND JOHN DOES 6-10</u>

10. During the course of transportation undertaken by Defendant Inmate Services, Corp.'s security guards and drivers dictate every facet of their prisoner's health and safety, including when and what detainees will eat; when and where detainees will sleep; and when and where detainees will bathe or use the bathroom.

11. Because private for-profit vendors like Defendant Inmate Services, Corp perform what are traditionally governmental functions, Defendants Ramsey County, the Ramsey County Sheriff's Department, and John Does 6-10 had a collective and individual duty to monitor the suitability, qualifications, and overall operations of its private vendors like Defendant Inmate Services, Corp. to ensure that its operations conform to the federal constitution, as well as state and federal law before hiring them to provide services.

12. At all times relevant to this lawsuit, Defendants Ramsey County, the Ramsey County Sheriff's Office, and John Does 6-10 were deliberately indifferent to the appalling history of misconduct by Defendant Inmate Services Corp. and its agents. Inmate Services, Corp's abysmal history included preventable prisoner suicides and escapes, extreme physical and mental abuse of prisoners, as well as sexual assaults by guards/drivers on prisoners.

13. Upon information and belief, Defendants Ramsey County, the Ramsey County Sheriff's Office, Inmate Services Corp., Randy Cagle, and John Does 1-10 knew of, or should have known, about prior instances of misconduct by Defendant Johnson and other drivers, including sexual assaults.

14. In fact, a 10-second Google search before hiring Defendant Inmate Services, Corp, would have given clear notice to Defendants Ramsey County and the Ramsey County Sheriff's Office that Defendant Inmate Services, Corp. had been the target of numerous lawsuits across the country, and was the scorn of law enforcement. Inmate Services Corp Article (*See also,* Exhibit A). "I would never use that bunch,"

4

said Sheriff Mark Norris of McCook County, South Dakota in a May 2018 interview, after one of his prisoners slipped away as Inmate Services, Corp. guards slept. That is the very definition of deliberate indifference on the part of Defendants Ramsey County, and the Ramsey County Sheriff

15. As stated above, Defendant Johnson, is a predator and rapist who has already been federally charged with the rape of another female prisoner, and is suspected of dozens more on different transports. (*See*, Exhibit B). Defendant Johnson is currently locked up in the federal district of New Mexico awaiting trial.

16. Rogeric Hankins is another sexual predator who drove for Inmate Services, Corp. at all times relevant to this lawsuit. In the assault involving Hankins, Defendant Inmate Services, Corp. was also hired by Defendants Ramsey County and the Ramsey County Sheriff's Office to transport the victim to the Ramsey County jail. Like Defendant Johnson, Hankins violently sodomized another female prisoner on a trip from Olympia, Washington to the Ramsey County jail. He pleaded guilty on November 22, 2022 in the Western District of Missouri and is waiting to be sentenced. (*See*, Exhibit C).

## II. VENUE AND JURISDICTION

17. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1343, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

18. Venue is proper under 28 U.S.C. §1391(b)(1), (2) and (e)(1)(A), (B), because Defendants Ramsey County and the Ramsey County Sheriff's Office hired

Defendant Inmate Services, Corp. to transport Ms. Sivels through this District where a substantial part of the events giving rise to this claim occurred.

19. Upon information and belief, complete diversity of citizenship exists.

20. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

21. This lawsuit also involves a constitutional question.

### III. THE FACTS

22. On June 6, 2019, Defendant Johnson, acting as an agent for Defendants Ramsey County, the Ramsey County Sheriff's Office, and Inmate Services, Corp., picked up Ms. Sivels at the Dallas County jail in Dallas County, Texas to begin the two-day trip to the Ramsey County jail in Saint Paul, Minnesota.

23. Ms. Sivels, who had been diagnosed with clinical depression and severe ADHD, had been detained in the Dallas County jail pursuant to a warrant issued from Ramsey County district court. Ms. Sivels was due to be extradited and transported to the Ramsey County jail in Saint Paul, Minnesota.

24. Defendant Ramsey County, through its agent Defendant Ramsey County Sheriff's Office had entered into a contract with Defendant Inmate Services, Corp., to transport Ms. Sivels from the Dallas County jail to the Ramsey County jail.

#### The Rape

25. At the start of the trip to Minnesota Ms. Sivels was handcuffed and placed in a van driven by Defendant Johnson. Defendant John Doe 1 rode as a passenger in the front seat next to Defendant Johnson.

6

26. During Ms. Sivels' transport from Dallas, Texas to Saint Paul, Minnesota, Defendant Johnson and Defendant John Doe 1 made multiple stops in various states to pick up and drop off prisoners.

27. On one stop in Oklahoma, Defendant Johnson asked Ms. Sivels if she needed to use the bathroom at a truck stop. When Ms. Sivels said she did, Defendant Johnson removed her from the van and walked her inside.

28. Ms. Sivels' hands were cuffed behind her back.

29. Instead of uncuffing Ms. Sivels and allowing her to use the bathroom in private, Defendant Johnson followed her into the stall and stood in front her as she turned and sat on the toilet. The two were alone.

30. Defendant Johnson, who was armed and in uniform, suddenly unzipped his pants, pulled out his penis, and demanded a "blow job." Shocked and terrified, Ms. Sivels had no choice but to perform oral sex on Mr. Johnson who forcefully pushed her head down with both hands.

31. After several minutes Defendant Johnson gave up, put his penis back into his uniform, and zipped his pants. The forced oral sex sickened Ms. Sivels.

32. Because Defendant Johnson was carrying a pistol and they were isolated in the bathroom, Ms. Sivels had no choice but to comply. She also felt it was futile to tell Defendant John Doe 1 about the rape because he was carrying a service revolver as well, and wouldn't do anything about it anyway.

33. After the rape, Defendant Johnson took Ms. Sivels back to the transport van and seated her uncuffed in the seat directly behind the driver's seat. He then moved her hands and arms around his waist as he drove; placing her hand directly on his gun.

34. As the transport van neared the Iowa-Minnesota border, Defendant Johnson again pulled off the highway at a rest-stop. He once again got Ms. Sivels out of the van in handcuffs, purportedly to "use the bathroom."

35. Defendant Johnson walked Ms. Sivels into an empty bathroom, and again followed her into a stall. This time Defendant Johnson yanked down Ms. Sivels' leggings and bent her over. Defendant Johnson put on a condom and shoved his penis into Ms. Sivels from behind - causing tremendous pain and bleeding.

36. The rape went on for some minutes, but Ms. Sivels is unsure if Defendant Johnson ejaculated due to the condom.

37. Noticing the bleeding, Defendant Johnson retrieved a pad from the women's restroom and handed it to Ms. Sivels, who cleaned herself, all the while shaking from the terror and violence of the rape.

## The Aftermath

38. Once Ms. Sivels arrived in Minnesota she pleaded guilty and was incarcerated.

39. Incredibly, despite raping and sodomizing Ms. Sivels, Defendant Johnson pursued a "romance" with her, communicating via texts and emails on the iPads issued by the facility. Those texts and emails were preserved in the facility's system and Ms. Sivels still has them.

40.     Ms. Sivels' physical injury and trauma were a direct product of Defendant Johnson's rape of Ms. Sivels, and Defendants Ramsey County, Ramsey County Sheriff's Office, Inmate Services, Corp., Randy Cagle, and John Does 1-10's deliberate indifference to their non-delegable duty to properly screen private venders providing services to the Defendant Ramsey County Sheriff's Office, as well as to hire, train, supervise, and discipline guards and drivers who transport vulnerable prisoners.

### COUNT I - 42 U.S.C. § 1983 8th and 14th Amendment Violations
Plaintiff v. Defendant Marquet Johnson

41.     Ms. Sivels realleges each paragraph as if fully set forth herein.

42.     Ms. Sivels had a clearly-established 8th and 14th Amendment right to be free from cruel and unusual punishment in the form of sodomy and rape by transport guards.

43.     As a direct and proximate cause of Defendant Johnson's assaults, Ms. Sivels was denied her clearly established-rights to be free from excessive force, sodomy, rape, and cruel and unusual punishment. Defendant Johnson's sadistic assault caused Ms. Sivels to endure severe injury, mental and emotional pain, suffering, and distress, entitling her under 42 U.S.C. § 1983 to compensatory damages in an amount to be proven at trial.

44.     Punitive damages are also available against Defendant Johnson and are hereby claimed as a matter of federal common law pursuant to *Smith v. Wade*, 461 U.S. 20 (1983) and, as such are not subject to the pleading requirements or the differing standard of proof as set forth in M.S. § 549.20.

45. Ms. Sivels is entitled to recovery of her costs, including reasonable attorney's fee under 42 U.S.C. § 1988.

### COUNT II - 42 U.S.C. § 1983 - *Monell* Liability
Plaintiff v. Inmate Services, Corp., Randy Cagle, Jr. and John Does 1-5

46. Ms. Sivels realleges each preceding paragraph as if fully set forth here.

47. Defendants Inmate Services, Corp., Randy Cagle, Jr., and John Does 1- 5, with deliberate indifference to the rights and safety of prisoners, initiated, tolerated, permitted, failed to correct, promoted and ratified a policy, custom, or practice on the part of staff, including Defendant Johnson, of failing to provide for the safety and general welfare of prisoners, by allowing guards/drivers such Defendant Johnson to sodomize, rape and abuse prisoners with impunity.

48. Defendants Inmate Services, Corp., Cagle, and John Does 1-5 applied this dangerous policy, custom, and custom towards prisoners without any discussion, planning, consultation, or safeguards to protect prisoners from the obvious risks of sexual assault by driver/guards.

49. As a direct and proximate result of such customs, patterns, and/or practices, Ms. Sivels sustained injuries and damages as alleged above.

50. Ms. Sivels is therefore entitled to a money judgment against Defendants Inmate Services, Corp., Cagle, and John Does 1-5 pursuant to 42 U.S.C. § 1983 and *Monell v. Dept. of Social Services* for her compensatory damages in amounts to be proven at trial.

51. Punitive damages are available against Defendants Inmate Services, Corp., Cagle, and John Does 1-5 and are hereby claimed as matter of federal common law pursuant to *Smith v. Wade*, 461 U.S. 20 (1983), and, as such, are not subject to the pleading requirements or the differing standard of proof as set forth in M.S. § 549.20.

52. Ms. Sivels is entitled to recovery of her costs, including reasonable attorneys' fees under 42 U.S.C. § 1988.

### COUNT III - 42 U.S.C. § 1983 - *Monell* Liability
Plaintiff v. Ramsey County, the Ramsey County Sheriff's Office, and John Doe Ramsey County Supervisors 6-10

53. Plaintiff realleges each preceding paragraph as if fully set forth here.

54. Defendants Ramsey County, the Ramsey County Sheriff's Office, and John Does 6-10 owe their prisoners a non-delegable, constitutional duty to provide for their safety and well-being.

55. Ms. Sivels' injuries were directly and proximately caused by Defendants Inmate Services, Corp., and Cagle's unconstitutional policy, custom, and practice of failing to protect prisoners from sexual assaults by guards/drivers.

56. Because of the deliberate indifference outlined above, Defendants Ramsey County, the Ramsey County Sheriff's Office, and John Does 6-10 are liable, for Defendants Cagle and Inmate Services, Corp's constitutionally infirm policies, customs, or practices as applied to Ms. Sivels.

57. Under 42 U.S.C. § 1983, Ramsey County, the Ramsey County Sheriff's Office, and John Does 6-10 are liable for these constitutional deficiencies in an amount to be determined at trial.

58. Ms. Sivels is entitled to recovery of her costs, including reasonable attorneys' fees under 42 U.S.C. § 1988.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES OF FACT HEREIN.**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. As to Counts I-III, a money judgment against Defendants in the amount of $3,000,000.00 for each of the three counts, together with costs, including, where applicable, reasonable attorneys' fees under 42 U.S.C. § 1988, and prejudgment interest;

2. Defendants Inmate Services, Corp., Cagle, Johnson, and John Does 1-5, subjected Ms. Sivels to these deprivations in such a manner as to render them liable for punitive damages, which are hereby alleged in Counts I and II as a matter of federal common law pursuant to *Smith v. Wade*, 461 U.S. 30 (1983), in an amount exceeding $4,000,000.00 for both Counts I and II; and,

3. For permanent injunctive relief mandating changes in the policies and procedures of Defendants Ramsey County, the Ramsey County Sheriff's Office, and Inmate Services, Corp. to institute, among other things, hiring/policy/training/safety/discipline measures to prevent the rape and sodomy of transport prisoners by guards in the future.

4. For such other and further relief as this Court deems just and equitable.

Dated: April 9, 2023

        **APPLEBAUM LAW FIRM**

        /s/ Paul Applebaum
        Paul Applebaum, #223098
        First National Bank Building W1610
        Saint Paul, Minnesota 55101
        Fax: 651.222.2999
        *paul@applebaumlawfirm.com*