An official website of the United States government. Here's how you know. ⌄    Log in to PACER Systems →



## Party Search Results

**Search Criteria:** Party Search; Last Name: [Cagle]; First Name: [Randy]
**Result Count:** 40 (1 page)
**Current Page:** 1

| Party Name | Case Number | Case Title |
|---|---|---|
| Cagle, Randy Steven | 0:2005cr04954 | US v. Randy Cagle |
| Cagle, Randy | 0:2011cv17619 | Tyrone Adams v. Charles Easley, et al |
| Cagle, Randy | 0:2012cv16004 | Tyrone Adams v. Charles Easley, et al |
| Cagle, Randy | 0:2012cv16537 | Tyrone Adams v. Charles Easley, et al |
| Cagle, Randy | 0:2015pr01247 | Covalt v. Inmate Services Corporation, et al |
| Cagle, Randy (db) | 1:2006bk11059 | Johnny Randolph Cagle |
| Cagle, Randy Glen (db) | 8:2014bk82622 | Randy Glen Cagle |
| Cagle, Randy L (dft) | 2:2013cv00102 | Colburn v. Inmate Services Corporation 22 al |
| Cagle, Randy (dft) | 3:2018cv00235 | Hall v. Inmate Services Corporation et al |
| Cagle, Randy L (dft) | 3:2019cv00100 | Stearns v. Inmate Services Corporation et |
| Cagle, Randy L (dft) | 3:2019cv00121 | Stearns et al v. Inmate Services Corporatio al |
| Cagle, Randy (dft) | 2:2019cv00150 | Dillard v. Inmate Services Corporation et al |
| Cagle, Randy L (condft) | 3:2016cv00339 | Stearns v. Inmate Services Corporation et |
| Cagle, Randy L (cc) | 3:2016cv00339 | Stearns v. Inmate Services Corporation et |
| Cagle, Randy L (intvd) | 3:2016cv00339 | Stearns v. Inmate Services Corporation et |
| Cagle, Randy D. (db) | 2:2005bk35076 | Randy D. Cagle |
| Cagle, Randy (dft) | 2:2008cv01238 | Meridian Media Group, Inc. et al v. County of Sutter, et al. |
| Cagle, Randy (dft) | 2:2011cv00826 | (PS) Adams v. Easley et al |
| Cagle, Randy (dft) | 2:2011cv00913 | (PS) Adams v. Easley et al |
| Cagle, Randy (dft) | 4:2011cv01219 | Adams v. Easley et al |
| Cagle, Randy (dft) | 1:2015cv00685 | Covalt v. Inmate Services Corporation et al |
| Cagle, Randy Eugene (db) | 1:2013bk10443 | Randy Eugene Cagle and Kathleen Marie Cagle |
| Cagle, Randy (dft) | 4:2020cv04210 | Hampton v. Cagle et al |
| Cagle, Randy Lee (pla) | 2:2021cv00768 | Cagle, et al v. General Motors LLC |
| Cagle, Randy (dft) | 1:2022cv00071 | Mehler v. Ferris State University et al |
| Cagle, Randy Dale (db) | 1:1997bk10136 | Randy Dale Cagle and Judith Ann Cagle |
| Cagle, Randy (dft) | 6:2018cv03190 | Compton v. Inmate Services Corporation e al |

https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=e7d2875d11c0431c87d76fabe4f5ef23

EXHIBIT A

| Name | Case | Title |
|---|---|---|
| Cagle, Randy Steven (db) | 1:2000bk81983 | Randy Steven Cagle and Lisa Diane Huneycutt |
| CAGLE, RANDY STEVEN (dft) | 1:2005cr00056 | USA v. Cagle - RANDY STEVEN CAGLE |
| Cagle, Randy L (dft) | 1:2019cv00828 | Stearns v. Inmate Services Corporation et |
| Cagle, Randy (dft) | 3:1995cv00567 | Hastings v. McCadams, et al |
| Cagle, Randy (cc) | 1:1995ap00593 | Delta Heating & Air Conditioning Co., Inc. a Cagle |
| Cagle, Randy (dft) | 1:1995ap00593 | Delta Heating & Air Conditioning Co., Inc. a Cagle |
| Cagle, Randy Martin (db) | 1:2005bk15138 | Randy Martin Cagle |
| Cagle, Randy M. (res) | 1:2003cv01306 | USA, et al v. Cagle |
| Cagle, Randy M. (res) | 1:2003cv01307 | USA, et al v. Cagle |
| Cagle, Randy L. (dft) | 2:2007cv02038 | Wirth v. Con-Link Transportation Company al |
| Cagle, Randy L. (dft) | 2:2010cv02402 | Jordan v. Inmate Services Corporation |
| Cagle, Randy (pla) | 2:2012cv02644 | Cagle v. American Commercial Lines, Inc. |
| Cagle, Randy (I) (dft) | 1:2015cv00685 | Covalt v. Inmate Services Corporation et a |

| PACER Service Center | | |
|---|---|---|
| | | 04/10/2023 08:03:28 |
| User | PaulApplebaum | |
| Client Code | | |
| Description | All Court Types Party Search | |
| | All Courts; Name Cagle, Randy; All Courts; Page: 1 | |
| Billable Pages | 1 ($0.10) | |

PACER FAQ      Privacy & Security      Contact Us



This site is maintained by the Administrative Office of the U.S. Courts on behalf of the Federal Judiciary.

**PACER Service Center**
(800) 676-6856
pacer@psc.uscourts.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs.                                                                1:23-cr-00092-KWR

MARQUET JOHNSON,

Defendant.

## ORDER GRANTING UNOPPOSED MOTION TO DESIGNATE CASE AS COMPLEX

The Court, having reviewed Defendant Marquet Johnson's Unopposed Motion to Designate Case Complex, (Doc. 19) filed March 27, 2023, makes the following findings:

1. Mr. Johnson in charged in a two counts indictment with one count of Deprivation of Civil Rights under Color of Law, in violation of 18 U.S.C. § 242, and one count of Use of a Firearm in Relation to a Crime of Violence violation of 18 U.S.C. §924(c).

2. The allegations arise from November 4, 2019, when Mr. Johnson was employed as a prisoner transport officer for Inmate Services Corporation located in West Memphis Arkansas. ("ISC")

3. ISC is hired by jails, prisons, and law enforcement agencies across the country to transport in-custody detainees from one facility to another. During these trips, the responsible ISC transport officers will pick up and drop off numerous detainees at various locations across the country. These trips are frequently interstate.

4. The indictment in this matter alleges a single victim and the allegations arise out of a single transport trip that took place in part in the district of New Mexico. The Government's



investigation of those allegations has given rise to more than a dozen other alleged victims of Mr. Johnson's conduct while he was employed by ISC in 2019 and 2020.

5. Similar allegations have now been made against Mr. Johnson, by several alleged victims, as those that support the indictment in this case. The dozen or more other alleged victims are located in various states across the US. The parties agree it is in the best interest of all and of justice to make efforts to see if resolution of all allegations against Mr. Johnson could be resolved along with the charges that arose in the District of New Mexico. To accomplish this the Government has begun disclosing discovery materials regarding allegations against Mr. Johnson that are alleged to have occurred in several different Federal Districts in addition to New Mexico. The discovery material is voluminous. Investigations arising from review of this material may well require travel to other states. It is anticipated by the parties that the pretrial review and investigation of the allegations against Mr. Johnson will take several months to complete.

6. The Speedy Trial Act permits a Court to delay a case beyond the 70-day period where the Court sets forth reasons for finding the ends of justice outweigh the interests in a speedy trial. Among the factors the Court may consider are whether "[a] case is so unusual or so complex," that it would be "unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within" the Act time limits. 18 U.S.C. § 3161(h)(7)(B)(ii).

7. Based upon the nature of this case, the large number of documents, together with the witnesses across the United States, voluminous discovery, and the need for the defense to conduct a detailed and potentially nationwide investigation, and potentially consult with expert witnesses constitutes a case that is "so unusual or complex, due to… the nature of the prosecution… that it is unreasonable to expect adequate preparation for pretrial proceedings or

for the trial itself within the time limits" of the Speedy Trial Act. See 18 U.S.C. § 3161(h)(7)(B)(ii).

8. The government does not oppose this motion.

9. The ends of justice served by setting this case for trial on a date after May 15, 2023, outweigh the best interest of the public and Defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A).

**IT IS THEREFORE ORDERED** that:

1. This matter is hereby designated as a "complex" case;
2. The deadlines set forth in the Standard Discovery Order are hereby vacated;
3. Defendant's May 15, 2023 trial date and all related deadlines are hereby vacated.
4. That all periods of delay, from the date of entry of this Order until trial of this case, be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(ii) in computing the time within which the trial of this case must commence under the Speedy Trial Act.

**IT IS FURTHER ORDERED** that the parties shall confer and submit a proposed scheduling order to the Court within **sixty days** with a proposed schedule for pretrial motions, motions in limine, filing of expert notices, and proposed trial date.

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

An official website of the United States government  Here's how you know

**Department of Justice**

Office of Public Affairs

FOR IMMEDIATE RELEASE

Tuesday, November 1, 2022

# Former Prisoner Transport Officer Pleads Guilty to Sexually Assaulting Female Detainee

Former prisoner transport officer, Rogeric Hankins, 37, pleaded guilty in federal court in the Western District of Missouri to violating a female detainee's civil rights by sexually assaulting her.

"We acknowledge the courage of this survivor who reported the defendant's egregious crimes as soon as she was dropped off in Minneapolis," said Assistant Attorney General Kristen Clarke of the Justice Department's Civil Rights Division. "A private prisoner transport officer's job is to keep those in their custody safe and secure, and this defendant did the opposite. The Justice Department is committed to holding anyone carrying out a law enforcement function accountable when they abuse their authority to perpetrate such appalling crimes."

"A private prisoner transport officer abused his position of trust and authority by sexually assaulting a detainee who was in his custody while transporting her through Missouri," said U.S. Attorney Teresa Moore for the Western District of Missouri. "Such a violent civil rights violation will not be tolerated by the Department of Justice. Individuals who wield their official power to rape and assault victims in their care will be held accountable for their criminal behavior."

"This is a particularly heinous case as the defendant used his position and authority to commit his crime" said Special Agent in Charge Bob Meacham of the FBI Minneapolis Field Division. "The FBI will continue to work with our law enforcement partners and prosecutors to ensure those who violate the color of law will be held accountable and the victim's voices heard."

According to the plea agreement, at the time of the offense, Hankins worked as a prisoner transport officer for Inmate Services Corporation. As a private prisoner transport officer, Hankins performed the government function of picking up individuals who were arrested on out-of-state warrants and transporting those individuals back to the jurisdictions that issued the warrants. On March 31, 2020, Hankins picked up the victim, a female detainee, from a jail in Olympia, Washington, to transport her to St. Paul, Minnesota.

On April 3, 2020, before arriving in Minnesota, Hankins stopped the transport van at a gas station in Joplin, Missouri. Hankins brought the victim into the gas station to use the bathroom. After the victim used the women's bathroom, Hankins led her into the men's bathroom, and told her to go into the stall furthest from the door. Once inside the stall, Hankins began to try to pull the victim's shirt up. She resisted and told Hankins to stop. In response, Hankins told the victim to be quiet and made her perform a sexual act on him. Hankins then further sexually assaulted the victim, while bending her over a toilet seat.

https://www.justice.gov/opa/pr/former-prisoner-transport-officer-pleads-guilty-sexually-assaulting-female-detainee



EXHIBIT C

A sentencing hearing has not yet been set. Hankins faces a maximum term of 10 years imprisonment, three years of mandatory supervised release and a $250,000 fine.

Assistant Attorney General Clarke, U.S. Attorney Moore and Special Agent in Charge Meacham made the announcement.

The FBI Minneapolis Field Division, with assistance from the Ramsey County Sheriff's Office, investigated the case.

Special Litigation Counsel Fara Gold and Trial Attorney Laura Gilson of the Justice Department's Civil Rights Division are prosecuting the case, with assistance from the U.S. Attorney's Office for the Western District of Missouri.

**Topic(s):**
Civil Rights

**Component(s):**
Civil Rights Division
Civil Rights - Criminal Section

**Press Release Number:**
22-1179

Updated November 1, 2022