# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Danielle Sivels, | Court File No.: 0:23-CV-00894 (DWF-TNL) |
| Plaintiff, | |
| v. | |
| Ramsey County, the Ramsey County Sheriff's Office, Inmate Services, Corp., Marquet Johnson in his individual capacity, Inmate Services, Corp. John Does 1-5 in their individual capacities, Ramsey County Sheriff supervisors John Does 6-10 in their individual and supervisory capacities, | **RAMSEY COUNTY DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |
| Defendants. | |

Ramsey County, the Ramsey County Sheriff's Office, and the Doe Defendants allegedly associated with Ramsey County in their official capacities (hereinafter "Defendants"), for their Answer to Plaintiff's Complaint, state and respond as follows[1]:

---

[1] Although Plaintiff has purported to sue the Ramsey County Sheriff's Office, County Departments are not legal entities capable of being sued. The proper party is Ramsey County. Defendants therefore deny that the Ramsey County Jail is a proper Defendant as the Ramsey County Jail is not a legal entity capable of being sued. Instead, the proper Defendant is Ramsey County. *Flores v. U.S.*, 689 F.3d 894, 899 n.4 (8th Cir. 2012) (recognizing Ramsey County departments are not legal entities capable of being sued). Plaintiff has also not identified or served process on the Doe Defendants allegedly associated with Ramsey County in their individual capacities. Answers will be filed on behalf of the individual-capacity Ramsey County Defendants when those individuals are served.

1. Defendants deny generally each and every allegation, matter, and thing contained in the Complaint, which is not expressly admitted, qualified, or otherwise answered below.

2. As to paragraph 1, deny any actionable conduct or omissions by these Defendants.

3. As to paragraph 2, lack sufficient information to admit or deny which has the effect of a denial.

4. As to paragraph 3, admit that Ramsey County is a home rule charter county of the State of Minnesota subject to suit. Admit that the Ramsey County Sheriff's Office is a department of Ramsey County and that the Ramsey County Sheriff's Office operates the Ramsey County Adult Detention Center. As to the remaining allegations, lack sufficient information to admit or deny which has the effect of a denial.

5. As to paragraphs 4-10, the allegations contained in these paragraphs are not directed at these answering Defendants, and no response is required. To the extent a response is required, deny any actionable conduct or omissions by these answering Defendants.

6. As to paragraph 11, this paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, deny any actionable conduct or omissions by these answering Defendants.

7. As to paragraph 12, deny.

8. As to paragraph 13, deny.

9. As to paragraph 14, deny.

10. As to paragraphs 15-16, the allegations contained in these paragraphs are not directed at these answering Defendants, and no response is required. To the extent a response is required, deny any actionable conduct or omissions by these answering Defendants.

11. As to paragraph 17, admit this Court has subject matter jurisdiction.

12. As to paragraph 18, deny.

13. As to paragraph 19, deny.

14. As to paragraph 20, deny.

15. As to paragraph 21, admit.

16. As to paragraph 22, the allegations contained in this paragraph are not directed at these answering Defendants, and no response is required. To the extent a response is required, deny any actionable conduct or omissions by these answering Defendants.

17. As to paragraph 23, lack sufficient information to admit or deny which has the effect of a denial.

18. As to paragraph 24, deny.

19. As to paragraphs 25-37, the allegations contained in these paragraphs are not directed at these answering Defendants, and no response is required. To the extent a response is required, deny any actionable conduct or omissions by these answering Defendants.

20. As to paragraph 38, Plaintiff's conviction and incarceration record speaks for itself.

21. As to paragraph 39, the allegations contained in this paragraph are not directed at these answering Defendants and no response is required. To the extent a response is required, deny any actionable conduct or omissions by these answering Defendants.

22. As to paragraph 40, deny.

23. As to paragraphs 41-45, the allegations contained in these paragraphs are not directed at these answering Defendants, and no response is required. To the extent a response is required, deny any actionable conduct or omissions by these answering Defendants.

24. As to paragraphs 46-52, the allegations contained in these paragraphs are not directed at these answering Defendants, and no response is required. To the extent a response is required, deny any actionable conduct or omissions by these answering Defendants.

25. As to paragraph 53, restate each of their previous responses.

26. As to paragraph 54, this paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, deny any actionable conduct or omissions by these answering Defendants.

27. As to paragraph 55, the allegations contained in this paragraph are not directed at these answering Defendants, and no response is required. To the extent a response is required, deny any actionable conduct or omissions by these answering Defendants.

28. As to paragraphs 56-58, deny.

29. As to Plaintiff's demand for a jury trial, these answering Defendants join.

30. As to Plaintiff's request for relief, these answering Defendants deny Plaintiff is entitled to any relief from these answering Defendants.

## AFFIRMATIVE DEFENSES

For their affirmative defenses, Defendants reassert each preceding paragraph and state that:

1. The Complaint fails in whole or in part to state a claim upon which relief can be granted.

2. Plaintiff has failed to join indispensable parties.

3. Plaintiff's claims are barred by the applicable statutes of limitations.

4. Plaintiff's claims are barred by the immunities afforded to Defendants by law including, but not limited to, absolute immunity, qualified immunity, official immunity, statutory immunity and all other immunities provided for by federal and/or state law.

5. Plaintiff has failed to exhaust administrative remedies.

6. Defendant is shielded from suit, liability, and damages as provided in Minn. Stat. Ch. 466.01, et al.

7. If Plaintiff has sustained damages as alleged in the Complaint, they were the result of the acts, omissions, fault, negligence, carelessness, or illegal conduct of third persons over whom Defendants had no control and for whom Defendants have no responsibility.

8. Defendants and their agents and employees, at all times material hereto, acted in good faith, without malice, with reasonableness, and in accordance with applicable law.

9. Plaintiff's claims are barred in whole or in part by intervening causes over which Defendants had no control or for which they have no responsibility.

10. To the extent Plaintiff suffered damages, she has failed to mitigate said damages.

11. Except as specifically provided by law, Plaintiff is not entitled to recover attorney's fees, costs, disbursements, or interest.

12. Punitive damages are unavailable for Plaintiff's claims.

13. Plaintiff's claims may be barred by any and/or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. To the extent which Plaintiff's claims may be barred by one or more of said affirmative defenses, it cannot be determined until there has been further investigation and discovery. Therefore, these answering parties allege and incorporate all such affirmative defenses set forth in Fed. R. Civ. P. 8(c).

14. Plaintiff's claims are barred by any other matter constituting an avoidance or affirmative defense.

**WHEREFORE,** Defendants pray that Plaintiff take nothing by her pretended cause of action and that they have judgment in their favor, together with costs and reimbursements herein.

                                        **JOHN J. CHOI**
                                        **RAMSEY COUNTY ATTORNEY**

Dated: June 21, 2023              By:  */s/ Robert B. Roche*
                                            Robert B. Roche (#0289589)
                                      Rebecca Krystosek (#0399953)
                                      Assistant Ramsey County Attorneys
                                      121 Seventh Place East, Suite #4500

Saint Paul, MN 55101
651-266-3230 (Roche)
651-266-3128 (Krystosek)
robert.roche@co.ramsey.mn.us
rebecca.krystosek@co.ramsey.mn.us

**ATTORNEYS FOR RAMSEY COUNTY DEFENDANTS**

7