UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Danielle Sivels,

    Plaintiff,

v.

Ramsey County, Marquet Johnson, Bob Fletcher, Sara Newman, Inmate Services Corporation, Randy Cagle, Jr.,

    Defendants.

Civil No. 23-894 (DWF/DTS)

MEMORANDUM
ORDER AND OPINION

# INTRODUCTION

This matter is before the Court on Plaintiff Danielle Sivels's appeal (Doc. No. 135) of Magistrate Judge Tony N. Leung's[1] February 12, 2025 oral and written order (the "February Order") (Doc. No. 127; Doc. No. 132 ("Hr'g Tr.")). Defendant Ramsey County filed a response. (Doc. No. 145.) For the reasons set forth below, the Court overrules Sivels's objections. Accordingly, the Magistrate Judge's order is affirmed.

# BACKGROUND

Sivels alleges that she was raped and sexually assaulted while in the custody of Ramsey County in June 2019. (Doc. No. 81 ("Am. Compl.") ¶¶ 1-2, 21, 26-27.) At the time, Sivels was being transported by Defendant Marquet Johnson, an employee of Defendant Inmate Services Corporation ("ISC"), from Texas to Minnesota. (*Id.*

---

[1] This case was reassigned to Magistrate Judge David T. Schultz on March 12, 2025, due to Magistrate Judge Leung's retirement. (Doc. No. 144.)

¶¶ 15-16.) Subsequently, Sivels sued Defendants for violating her constitutional rights as well as various torts under state law. Ramsey County filed a motion to dismiss Sivels's claims, which the Court granted in part and denied in part on August 14, 2024. (Doc. No. 98.) Following that order, Sivels's *Monell* claim remains solely based on theories of unofficial custom and failure to train or supervise. (*Id.* at 13-14.)

Important to this appeal, Sivels's *Monell* claim is laid out in paragraphs 56 through 74 of her amended complaint. In those paragraphs, she generally lays out her injuries, Ramsey County's constitutional duty, ISC's history of sexual assault against detainees and prisoners, and Ramsey County's knowledge of the risks to female detainees during transport. (*See id.* ¶¶ 57-62.) She also spends several paragraphs detailing Ramsey County's solicitation process for a new prisoner-transport contractor in 2018, its ultimate decision to sign a contract with ISC, and Ramsey County's knowledge of abuse allegations against ISC and Defendant Randy Cagle, Jr. (*Id.* ¶¶ 63-71.)

On October 7, 2024, Sivels served several document requests, interrogatories, and a notice of a Rule 30(b)(6) deposition on Ramsey County, all related to her remaining *Monell* claim. (Doc. No. 115, Exs. 1, 3, 5; Doc. No. 135 at 2.) Ramsey County objected to several of the requests, prompting Sivels to file a motion to compel. (Doc. No. 111.) Sivels's document requests, interrogatories, and 30(b)(6) deposition topics touched on a variety of issues, including: (1) previous complaints and allegations of sexual

misconduct[2] made by people in Ramsey County's custody; (2) materials concerning Ramsey County's policies, practices, and programs for preventing, detecting, and ameliorating sexual misconduct; and (3) certain employee records and criminal convictions.  (*See id.*)

On February 12, 2025, Magistrate Judge Leung granted in part and denied in part Sivels's motion to compel, generally limiting the scope of Sivels's requests to "Sexual Misconduct *during* transport."[3]  (Doc. No. 127 (emphasis added).)  Sivels appealed the order to this Court, arguing that Magistrate Judge Leung (1) improperly limited the universe of allowable discovery, (2) relied on cases for propositions that are contrary to their ultimate holding, and (3) failed to conduct a proper burden and proportionality analysis.  (Doc. No. 135 at 5.)

## DISCUSSION

The Court must modify or set aside any portion of a Magistrate Judge's order found to be clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a).  This is an "extremely deferential" standard.  *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on

---

[2]   For the purposes of this Order, the Court adopts Magistrate Judge Leung's usage of the term "sexual misconduct" to encompass rape, sexual assault, sexual abuse, sexual misconduct, and sexual harassment.  (*See* Doc. No.127 at 1.)

[3]   This limitation was applied in a specific way to each of the twelve requests.  Sivels challenges the general scope of the limitation, so the Court only refers to the limitation generally.

the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chase v. Comm'r of Internal Revenue*, 926 F.2d 737, 740 (8th Cir. 1991) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A magistrate judge's ruling is contrary to law when it either fails to apply or misapplies pertinent statutes, case law or rules of procedure." *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017) (citing *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1043 (D. Minn. 2010)).

In the February Order, Magistrate Judge Leung provided brief oral reasoning in support of his general limit on Sivels's discovery requests, primarily relying on two cases: (1) *James v. Cuyahoga County*, 648 F. Supp. 3d 897 (N.D. Ohio 2022); and (2) *Does 1-5 v. City of Chicago*, No. 18-cv-3054, 2019 WL 2173784 (N.D. Ill. May 20, 2019). He explained that "[t]he scope of discovery is intended to focus on the actual claims at issue in the litigation." (Hr'g Tr. at 7.) He quoted *James* to explain that *Monell* claims revolve around "whether [a] plaintiff can establish a pattern of similar violations" and "[l]ocation might affect the similarity or dissimilarity of other incidents in that analysis." (*Id.*) Then, he found that because Sivels's amended complaint focuses on the "risks of sexual misconduct toward detainees and prisoners . . . especially during transport," county-wide discovery was irrelevant, and discovery should be limited to only sexual misconduct during transport. (*Id.*) He also added that county-wide discovery would be disproportional to the needs of the case. (Hr'g Tr. at 8.)

While the Court agrees with Sivels that *James* and *Does 1-5* are used to support propositions somewhat different from their ultimate disposition, the cases were not

4

completely contrary to Magistrate Judge Leung's findings and are otherwise distinguishable on the facts. Nevertheless, the Court agrees with Magistrate Judge Leung's conclusion that a limit on the scope of Sivels's requests is warranted.

Under Federal Rule of Civil Procedure 26(b), the scope of discovery is limited to "any nonprivileged matter that is relevant to any party's *claim or defense* and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added). This means that the limits Sivels placed on her own claims within her amended complaint must guide the Court in its relevancy determination at discovery. *See, e.g.*, *Mallak v. Aitkin County*, No. 13-cv-2119, 2016 WL 8607391, at *6 (D. Minn. June 30, 2016), *aff'd*, 2016 WL 8607392 (D. Minn. Sept. 29, 2016) ("[T]he scope of discovery is intended to focus on the actual claims or defenses that are at issue in the litigation.").

The only claim at issue in this motion is the *Monell* claim against Ramsey County. *Monell* claims allow plaintiffs to seek relief from a municipality where a municipality caused a constitutional violation through its official policy, unofficial custom, or deliberately indifferent failure to train or supervise an official or employee. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Tirado v. City of Minneapolis*, 521 F. Supp. 3d 833, 840 (D. Minn. 2021). As it remains, Sivels's *Monell* claim focuses exclusively on an unofficial custom of or a failure to train or supervise related to sexual misconduct in the transport setting. Most paragraphs of her claim specifically focus on transport. (*Compare* Am. Compl. ¶¶ 59-61, 63-72 (focusing on transport or ISC), *with id.* ¶¶ 56-58, 62, 73-74 (lacking specific mentions of transport or ISC).) Indeed, she uses roughly half of the paragraphs in the claim to describe Ramsey County's 2018 solicitation process for

5

transport contractors.  (*See id.* ¶¶ 63-71.)  Sivels narrowly focuses her claim on sexual misconduct during transport, therefore the Court finds that Magistrate Judge Leung's scope limitation is appropriate and affirms the February Order.

The Court emphasizes that Magistrate Judge Leung's scope limitation should not be interpreted narrowly.  "During transport" should be construed broadly to include any transport-related procedures immediately before or after the actual travel from place-to-place, such as searches of the detainee prior to boarding a vehicle or after arriving at a detention center.  Further, where policies, practices, programs, or the like exist that would apply to sexual misconduct in any location, including sexual misconduct during transport, the Court expects that Ramsey County will produce or disclose those policies, practices, or programs as part of its discovery obligations under this Order.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Plaintiff Danielle Sivels's objections (Doc. No. [135]) to Magistrate Judge Tony N. Leung's February Order are **OVERRULED**.

2. Magistrate Judge Tony N. Leung's February Order (Doc. Nos. [127], [132]) is **AFFRIMED**.


Dated:  April 30, 2025            s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge