**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Danielle Sivels,

        Plaintiff,

v.

Ramsey County, Marquet Johnson, Bob
Fletcher, Sara Newman, Inmate Services
Corporation, and Randy Cagle, Jr.,

        Defendants.

Civil No. 23-894 (DWF/DTS)

**MEMORANDUM**
**OPINION AND ORDER**

**INTRODUCTION**

This matter is before the Court on Plaintiff Danielle Sivels's appeal (Doc. No. 181)

of Magistrate Judge David T. Schultz's order dated August 19, 2025 (Doc. No. 170), and

her motion to reconsider (Doc. No. 195) the Court's order dismissing her claim for

negligent supervision (Doc. No. 98).  Defendant Ramsey County opposes the appeal and

the motion to reconsider.  (Doc. Nos. 184, 199.)  For the reasons set forth below, the

Court affirms Magistrate Judge Schultz's order and denies the motion to reconsider.

**BACKGROUND**

This case revolves around Sivels's allegations that she was raped and sexually

assaulted in June 2019 by an employee of Defendant Inmate Services Corporation, a

contractor that provides detainee transport services to Defendant Ramsey County.  The

details of this case have been described extensively in prior orders and are incorporated

by reference.  (*See* Doc. Nos. 98, 152.)  The Court briefly summarizes the relevant procedural history.

Sivels filed her original complaint on April 10, 2023.  (Doc. No. 1.)  The deadline to amend pleadings was April 15, 2024, as set forth in the Rule 16 scheduling order.  (Doc. No. 53.)  On April 15, 2024, Sivels moved to amend her complaint.  (Doc. No. 59.)  Magistrate Judge Tony N. Leung partially granted that motion.  (*See* Doc. No. 76.)  Sivels filed her amended complaint on May 16, 2024.  (Doc. No. 81.)

In her amended complaint, Sivels brought three claims against Ramsey County: (1) *Monell* liability (Count III); (2) respondeat superior sexual abuse (Count VI); and (3) negligent supervision (Count VIII).  (*Id.* ¶¶ 56-74, 86-89, 94-100.)  Ramsey County moved to dismiss all three counts against it.  (Doc. No. 82.)  On August 14, 2024, the Court dismissed Sivels's claims of respondeat superior and negligent supervision and her official policy theory of *Monell* liability, but the *Monell* claim survived on theories of unofficial custom and failure to train or supervise.  (Doc. No. 98.)

On January 23, 2025, Sivels filed a motion to compel based on Ramsey County's objections to several documents requests, interrogatories, and a notice of a Rule 30(b)(6) deposition.  (Doc. No. 111.)  Essentially, Sivels and Ramsey County disagreed over the proper scope of Sivels's *Monell* claim as pleaded in the amended complaint.  (*See* Doc. No. 152 at 5-6.)  On April 30, 2025, this Court affirmed Magistrate Judge Leung's order granting in part and denying in part the motion to compel.  (*Id.*)  The Court explained that the *Monell* claim "focuses exclusively on an unofficial custom of or a failure to train or

supervise related to sexual misconduct in the transport setting." (*Id.* at 5.)  Accordingly, her discovery requests were limited in conjunction with that scope.

On May 30, 2025, a month after the Court affirmed Magistrate Judge Leung's order and more than a year after the deadline to amend pleadings had passed, Sivels moved for leave to file a second amended complaint.  (Doc. No. 155.)  Through the proposed second amended complaint she sought to expand the scope of her *Monell* claim, revive her claims of negligent supervision and respondeat superior, and add a claim for negligent selection of an independent contractor.  (*Id.* ¶ 3.)  Magistrate Judge Schultz denied Sivels's motion.  (Doc. No. 170.)  As a preliminary matter, he found that Sivels's motion was procedurally improper as it sought to reverse this Court's previous rulings on the motion to dismiss and the motion to compel.  (*Id.* at 6-7.)  Nonetheless, he considered the merits and found that Sivels did not show good cause to amend beyond the scheduling order deadline.  (*See id.* at 8.)  In particular, he focused on Sivels's lack of diligence.  (*See id.* at 10-11, 14-15, 17.)  Sivels appeals Magistrate Judge Schultz's order, arguing that her motion was not procedurally improper and that she was diligent in pursuing the proposed amendments.  (Doc. No. 181.)  Sivels also filed a letter requesting leave to file a motion to reconsider the dismissal of her negligent supervision claim. (Doc. No. 183.)

On November 24, 2025, the Court granted Sivels's request for leave to file a motion to reconsider.  (Doc. No. 189.)  Sivels filed the motion to reconsider on December 19, 2025.  (Doc. No. 195.)  She argues that there was an intervening change in

the law on municipal immunity and, as a result, the Court should revisit its decision to dismiss her negligent supervision claim.  (Doc. No. 196.)

## DISCUSSION

### I.      Legal Standards

#### A.      Review of Magistrate Judge Rulings on Nondispositive Matters

The Court must modify or set aside any portion of a Magistrate Judge's order found to be clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a).  This is an "extremely deferential" standard.  *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Chase v. Comm'r of Internal Revenue*, 926 F.2d 737, 740 (8th Cir. 1991) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  "A magistrate judge's ruling is contrary to law when it either fails to apply or misapplies pertinent statutes, case law or rules of procedure."  *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017) (citing *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1043 (D. Minn. 2010)).

#### B.      Motions to Reconsider

A motion to reconsider "afford[s] an opportunity for relief in extraordinary circumstances."  *Dale & Selby Superette & Deli v. U.S. Dep't of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).  One such circumstance is where there is an intervening change in the controlling law.  *Grozdanich v. Leisure Hills Health Ctr., Inc.*, 48 F. Supp.

2d 885, 888 (D. Minn. 1999).  Motions to reconsider should not be used to raise facts or legal theories that could have been raised when the Court first heard the motion for which reconsideration is sought.  *Id.*

### C.     Motions for Leave to Amend

When a party moves for leave to amend after the scheduling order deadline to amend pleadings has passed, that party must show good cause under Rule 16(b).  *Schnuck Mkts., Inc. v. First Data Merch. Servs. Corp.*, 852 F.3d 732, 740 (8th Cir. 2017).  "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."  *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (citing *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)).  "Where there has been no change in the law, no newly discovered facts, or any other changed circumstance after the scheduling deadline for amending pleadings, then [the court] may conclude that the moving party has failed to show good cause."  *Midwest Med. Sols., LLC v. Exactech U.S., Inc.*, 95 F.4th 604, 607 (8th Cir. 2024) (citation modified).  Where there has been a change in the law, the moving party must still show diligence in responding to the change.  *See, e.g.*, *Ratzlaff v. Experian Info. Sols., Inc.*, No. 20-cv-773, 2020 WL 13049249, at *1 (D. Minn. Dec. 5, 2020).

## II.    Procedural Validity

Prior to considering the merits of Sivels's motion for leave to amend, Magistrate Judge Schultz concluded that it was procedurally improper because it should have been presented as a motion to reconsider.  (Doc. No. 170 at 6-8.)  Sivels challenges that conclusion, arguing that a motion for leave to amend was proper because she is not

attempting to reverse this Court's prior rulings and she was not otherwise required to file a motion to reconsider. (Doc. No. 181 at 6-7.)

A motion for leave to amend is appropriate in most situations where a party seeks to add or revise a claim. A motion to reconsider is required instead where a claim cannot be added or revised because such a claim is in direct conflict with a previous order in that case. *See In re RFC & ResCap Liquidating Tr. Litig.*, No. 13-cv-3451, 2015 WL 13733855, at *6 (D. Minn. Nov. 23, 2015) (finding motion to amend appropriate rather than a motion to reconsider because plaintiffs did not seek "to appeal or undo" prior decisions but instead sought to "properly allege" a particular theory). In other words, the proposed addition or revision directly challenges a prior decision in the case and requires the court to revisit that decision. This is distinct from attempts to amend that merely embrace a court's prior decisions but do not challenge them. For example, parties often seek to amend in response to a court's previous finding of deficiency. Attempting to revise a claim to address such deficiency does not challenge the court's prior decisions but embraces them. In those cases, a motion to amend is appropriate.

This case involves both situations. Sivels's proposed revision to the scope of her *Monell* claim and proposed addition of a claim for negligent selection were properly filed as a motion for leave to amend. On the *Monell* revision, Sivels has not challenged the Court's prior decision on the scope of that claim. Rather, she is accepting the Court's interpretation of her claim as it is currently pleaded and attempting to broaden the scope by revising the claim itself. This does not require the Court to revisit its prior decision on the motion to compel. As for the negligent selection addition, the Court has never

6

addressed the viability of this claim and neither party has otherwise shown that the proposed addition challenges the Court's previous decisions in this case. Therefore, these proposed amendments were properly presented in a motion for leave to amend.

However, Sivels should have filed a motion to reconsider to revive her negligent supervision claim. The Court previously dismissed this claim because it found Ramsey County was entitled to statutory immunity. Sivels argues that the law on immunity has changed, making her negligent supervision claim viable. Sivels's request to revive this claim directly challenges the Court's previous decision on immunity in this case. The claim cannot be added without revisiting that decision. As such, Sivels should have filed a letter in accordance with Local Rule 7.1(j). Sivels filed a Rule 7.1(j) letter simultaneously with this appeal. The Court granted leave, and she has now filed a motion to reconsider. Although the negligent supervision amendment was not properly before Magistrate Judge Schultz, it is now properly before this Court. Accordingly, the Court finds each issue originally raised in the motion for leave to amend is now properly before it. The Court addresses each proposed amendment below, applying the appropriate standard as recited above.

### III.   *Monell* Claim

Sivels seeks to expand the scope of her *Monell* claim beyond the transport setting. Magistrate Judge Schultz concluded that Sivels did not act diligently because she only sought to make this expansion after the undersigned found the scope of her claim was limited to the transport setting. (Doc. No. 170 at 10-11.) Sivels objects to Magistrate Judge Schultz's conclusion about her diligence, relying on case law where a plaintiff was

allowed to amend their pleadings following an adverse court ruling that was based on an unexpected interpretation of the law.  (Doc. No. 181 at 9.)

The crucial question here is whether the Court's ruling on Sivels's motion to compel is the kind of changed circumstance that creates good cause for amending a pleading after the deadline to amend pleadings has passed.  Magistrate Judge Schutlz's conclusion on this question was not clearly erroneous or contrary to law.  The cases he relied upon outlined the relevant rule:  A party is responsible for pleading its case without the assistance of the court.  (*See* Doc. No. 170 at 10-11 (citing *Schnuck*, 852 F.3d at 740).)  The Court's motion to compel ruling was based on its interpretation of the pleadings and did not rely on any new or unforeseeable interpretation of the law as Sivels suggests.  Such interpretation of her *Monell* claim was foreseeable based on the facts alleged.  Accordingly, Sivels's objections on this claim are overruled.

## IV.   Negligent Supervision

In August 2024, the Court dismissed Sivels's negligent supervision claim because it found that Ramsey County was entitled to immunity under Minn. Stat. § 466.03, subdiv. 6, the discretionary-function exception to the general rule under Minnesota law that municipalities can be held liable for their own torts.  (Doc. No. 98 at 13.)  The Court relied on a 2018 case from this District, which, in turn, relied on a 1997 decision by the Minnesota Court of Appeals.  (*Id.* (first citing *Lopez v. Minn. Vikings Football Stadium, LLC*, No. 17-cv-1179, 2018 WL 626529, at *2 (D. Minn. Jan. 30, 2018); and then citing *Gleason v. Metro. Council Transit Operations*, 563 N.W.2d 309, 320 (Minn. Ct. App. 1997), *aff'd in part on other grounds*, 582 N.W.2d 216 (Minn. 1998)).)  The immunity

analysis in *Gleason* has since been overruled in part by the Minnesota Supreme Court. *See Doe 601 ex rel. Doe 601 v. Best Acad.*, 17 N.W.3d 464, 483 n.19 (Minn. 2025).

The parties dispute the impact of *Doe 601* on Sivels's negligent supervision claim. Sivels argues that *Doe 601* changes the immunity inquiry for municipal supervision decisions. (Doc. No. 196 at 6-7.) Ramsey County argues that *Doe 601* only changed the law on municipal *hiring* decisions and that *Gleason*'s immunity analysis relating to supervision decisions remains intact. (Doc. No. 199 at 2-3.)

The Court agrees with Ramsey County. *Doe 601* is not truly an intervening change in the law which would allow the Court to revisit its decision to dismiss the negligent supervision claim. The Court relied on *Lopez* and *Gleason* to find a categorical rule that a municipality's supervision decisions are entitled to immunity under the discretionary-function exception. *Doe 601* specifically addresses a municipality's "hiring decision[s]." 17 N.W.3d at 474. The Minnesota Supreme Court found that a categorical rule of immunity for hiring decisions violated the balance interests considered by the Minnesota Legislature when it drafted the Municipal Tort Claims Act. *Id.* at 474-75, 478. In doing so, it did not specifically overrule *Gleason* (or *Lopez*), but it did explain that "[t]o the extent [*Gleason*] suggest[s] *hiring* decisions are necessarily and categorically subject to the discretionary-function exception, [it is] not good law." *Id.* at 483 n.19 (emphasis added). Thus, the Minnesota Supreme Court left *Gleason*'s categorical rule on supervision decisions standing.

While the analysis throughout *Doe 601* suggests the Minnesota Supreme Court could do away with the supervision decisions portion of *Gleason* in the future, it chose to

keep its ruling narrow.  *See, e.g.*, *id.* at 474 (calling the issue "narrow" and specifically referring to hiring decisions).  This Court may have addressed the immunity question differently if it had read the reasoning laid out by the Minnesota Supreme Court in *Doe 601* at the time of its ruling, however, because the opinion does not actually address supervision decisions, there is no intervening change in the law and the Court cannot revisit that claim or its analysis now.  Accordingly, the Court denies Sivels's motion to reconsider.

**V.     Negligent Selection of an Independent Contractor**

Lastly, Sivels seeks to amend to add a new claim for negligent selection of an independent contractor.  Magistrate Judge Schultz found that Sivels did not act diligently on the amendment because the Minnesota Supreme Court first recognized the tort of negligent selection of an independent contractor in July 2024, ten months before she finally moved for leave to amend.  (Doc. No. 170 at 17.)  Sivels argues that while this is true, the negligent selection claim did not become viable until the Minnesota Supreme Court issued its decision in *Doe 601* in February 2025.  (Doc. No. 181 at 11 n.3.)

Magistrate Judge Schutlz's conclusion on Sivels's diligence is not clearly erroneous or contrary to law.  Although a change in the law may constitute good cause to amend the scheduling order, a party must act diligently in response to that change in the law.  Even accepting Sivels's argument that the negligent selection claim was not viable until *Doe 601*, Sivels did not act diligently.  The Minnesota Supreme Court first recognized the tort of negligent selection of an independent contractor in July 2024 in *Alonzo v. Menholt*, 9 N.W.3d 148 (Minn. 2024).  This Court granted Ramsey County

immunity on the negligent supervision claim in August 2024, relying on *Gleason* and *Lopez*, which also found categorical immunity for hiring decisions. In this context, it may have been frivolous for Sivels to request leave to add a negligent selection claim, until *Doe 601* clearly changed the law on immunity for hiring decisions. But even so, there were four months—July to August 2024 and February to May 2025—in which Sivels could have sought to add a negligent selection claim. Four months in these circumstances is not diligent.[1]

The fact that other motions were pending during those four months is irrelevant to the diligence inquiry here. Sivels could have sought leave to amend while the motion to dismiss or motion to compel were pending. Courts regularly handle multiple motions at a time in one case and can prioritize those motions accordingly. Sivels's objections as to the negligent selection claim are overruled.

### ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1.      Plaintiff Danielle Sivels's objections (Doc. No. [181]) to Magistrate Judge David T. Schutlz's order dated August 6, 2025 (Doc. No. [170]) are **OVERRULED**.

---

[1]      The Court does not mean to say that four months can never be diligent. Under these circumstances, it is not. Sivels also argues that Magistrate Judge Schultz erred by stating that a motion for leave to amend based on a change in the law must be filed within a matter of weeks. (*See* Doc. No. 181 at 12.) This Court does not read Magistrate Judge Schultz's order so strictly. But to the extent that he suggests such a strict rule by relying on *Ratzlaff*, this Court respectfully disagrees.

2.       Magistrate Judge David T. Schultz's order dated August 6, 2025 (Doc. No. [170]) is **AFFRIMED**.

3.       Plaintiff Danielle Sivels's motion to reconsider (Doc. No. [195]) is **DENIED**.

Dated:  March 19, 2026               s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge